INHABITANTS OF GREENFIELD *vs.* INHABITANTS OF
BUCKLAND.

Franklin.    September 19, 1893. — October 18, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Pauper — Settlement — Residence — " Living on " Estate.*

*It seems,* that, other conditions of Pub. Sts. c. 83, § 1, cl. 5, being satisfied, a
    residence in a town sufficient to impose the duty to pay personal taxes is suf-
    ficient to confer the rights of settlement.

A man cannot be said, within the meaning of Pub. Sts. c. 83, § 1, cl. 4, to be
    "living on" an estate owned by him which he does not occupy, but which is
    exclusively occupied by another to whom he has let it.

HOLMES, J.    This is an action to recover a sum expended by
the plaintiff for the support of a pauper and his family.    The
only point specified in the defendant's brief, under Rule 40, as
intended to be relied on, is that the pauper had acquired a set-
tlement in Greenfield.    It was not argued that he had not a
settlement in Buckland if he had not gained one in Greenfield.
It is agreed that he resided in Buckland for five·years together,
unless a temporary absence of a few months, with the intent to
return there as soon as a job was finished, interrupted the con-
tinuity of the residence, and that he paid all taxes duly assessed
upon him for three years within that time.    Pub. Sts. c. 83, § 1,
cl. 5.    We assume that the requirements of the fifth clause were
satisfied, notwithstanding the temporary absence.    *Worcester* v.
*Wilbraham,* 13 Gray, 586, 589.    *Lee* v. *Lenox,* 15 Gray, 496.
*Warren* v. *Thomaston,* 43 Maine, 406.    *Bangor* v. *Brewer,* 47
Maine, 97.    *Regina* v. *St. Ives Union,* L. R. 7 Q. B. 467, 470.
*State* v. *Shrewsbury,* 20 Vroom, 188.    The language of the Mas-
sachusetts cases goes far to identify the residence required by this
clause with domicil.    *Chicopee* v. *Whately,* 6 Allen, 508.    Else-
where, under a materially different statute, it has been said that
"residence and domicil are not the same thing."    *Regina* v. *Sta-
pleton,* 1 El. & Bl. 766, 771.    So in this State in some cases.
*Wachusett National Bank* v. *Fairbrother,* 148 Mass. 181, 184.
And see in Vermont, under a statute somewhat like our own,

*Barton* v. *Irasburgh,* 33 Vt. 159.　But in view of the connection in this paragraph between residence and taxation it is reasonable to infer that, other conditions being satisfied, a residence sufficient to impose the duty to pay personal taxes is sufficient to confer the rights of settlement. It now is settled that domicil is residence for the purposes of taxation. *Borland* v. *Boston,* 132 Mass. 89.

The ground on which it is argued that the pauper acquired a later settlement in Greenfield is that he had an estate of inheritance there, and lived on it for three years successively, according to the provisions of the fourth clause of the section above referred to. On April 15, 1889, he did receive a conveyance of a house in Greenfield, and moved into it. But on August 1, 1891, he removed to Middletown, Pennsylvania, to take charge of a gas plant in a factory there, and intending to remain there an indefinite time, although intending to return when he had earned money enough to pay a mortgage for $530 on his house in Greenfield. Meantime, he let the house to another man, who occupied it. The pauper returned to his place on April 5, 1892. We think it very plain that, while the estate was let to and exclusively occupied by another, and the pauper was in Middletown, as stated, he was not " living on " that estate within the meaning of the statute. Something more is necessary to satisfy those words than would satisfy " resides in any place " of clause 5. A man cannot be said to live on an estate which he does not occupy and which he has no right to enter. See *Granby* v. *Amherst,* 7 Mass. 1, 5 ; *Mount Washington* v. *Clarksburgh,* 19 Pick. 294, 296 ; *Ipswich* v. *Topsfield,* 5 Met. 350 ; *Wellfleet* v. *Truro,* 9 Allen, 137, 139 ; *Rex* v. *St. Nicholas,* 5 B. & Ad. 219 ; *S. C.* 3 Nev. & Man. 21 ; *Rex* v. *St. Nicholas,* 2 Ad. & El. 599 ; *S. C.* 4 Nev. & Man. 422 ; *Rex* v. *Ditcheat,* 9 B. & C. 176, 186 ; *S. C.* 4 Man. & Ry. 151 ; *Rex* v. *Great Bentley,* 10 B. & C. 520, 522.

*Judgment for plaintiff.*

*F. L. Greene,* for the plaintiff.
*S. T. Field,* for the defendant.