HENRY M. PHILLIPS *vs.* CITY OF BOSTON.

Suffolk.     January 28, 1903. — May 21, 1903.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Pauper*, Settlement.   *Words*, "Resides."

Under Pub. Sts. c. 83, § 1, cl. 6, (R. L. c. 80, § 1, cl. 6,) a woman *non compos mentis* and not under guardianship cannot acquire a settlement by living in a city for five consecutive years, but retains her domicil of origin.

CONTRACT by the treasurer of the Commonwealth against the city of Boston for $68.25 for the board of a pauper, alleged to have a settlement in Boston, at the School for the Feeble Minded

---

* The instruction referred to was in regard to the definition of an established crossing.

at Waltham during a period of twenty-one weeks. Writ dated November 9, 1893.

In the Superior Court the case was tried before *Mason,* C. J., without a jury. The judge made the special finding quoted by the court, and found for the plaintiff in the sum of $105.64. The defendant alleged exceptions.

*S. M. Child,* for the defendant.

*A. Lord,* for the plaintiff.

BRALEY, J. This is an action brought by the treasurer and receiver general of the Commonwealth to recover for the care and support as a pauper of Henrietta M. Melvin, a person of unsound mind and never placed under guardianship. She was born in Boston in 1860, where her father, William Melvin, at that time had a settlement, and lived with him until his death in 1880; and then with his widow, her step-mother, until 1882, when she left Boston and went to Quincy, and there lived continuously until her commitment in June, 1893, to the "Massachusetts School for the Feeble Minded." She did not during this time receive relief as a pauper.

The exceptions state that there was medical and other evidence which would warrant the judge in finding that she was *non compos mentis* from birth, and the judge found specially " that said Henrietta during the time of her stay in Quincy, was *non compos mentis,* and a fit subject for guardianship."

The only question presented for our decision is whether by her residence in Quincy for at least five consecutive years without receiving relief as a pauper she acquired a settlement in that city, it being conceded that if she did not, then her derivative settlement from her father was in Boston. And this depends upon the construction of Pub. Sts. c. 83, § 1, cl. 6, re-enacted in R. L. c. 80, § 1, cl. 6, " Any woman of the age of twenty-one years, who resides in any place within this state for five years together, shall thereby gain a settlement in such place."

Ordinarily the word " resides " may be construed as having a residence in a place and to be there settled as a home, and in our laws relating to taxation, voting and settlement of paupers has the same meaning as domicil.

While no exact and full definition to cover all cases can be given of the word domicil, it was said in *Lyman* v. *Fiske,*

17 Pick. 231, 234, that "in general terms, one may be designated as an inhabitant of that place, which constitutes the principal seat of his residence, of his business, pursuits, connections, attachments, and of his political and municipal relations. It is manifest, therefore, that it embraces the fact of residence at a place, with the intent to regard it and make it his home. The act and intent must concur and the intent may be inferred from declarations and conduct." It is the settled policy of the law that for the purpose of pauper relief the domicil of origin continues until another has been acquired, and it must now be taken to be too well settled to admit of doubt that to reside or have a place of residence in a city or town means not merely physical presence therein, but being there with the deliberate intention and purpose of choosing it as a home; or in other words making it a domicil. *Greenfield* v. *Buckland*, 159 Mass. 491. *Thayer* v. *Boston*, 124 Mass. 132. *Pickering* v. *Cambridge*, 144 Mass. 244. *Stoughton* v. *Cambridge*, 165 Mass. 251, and cases cited. *Palmer* v. *Hampden*, 182 Mass. 511.

It was very early decided by this court that a person mentally deranged, whether an idiot or natural fool, or a lunatic, was incompetent, though of age, to gain a settlement for himself because incapable of forming such an intention or exercising this power of choice. *Upton* v. *Northbridge*, 15 Mass. 237, followed in *Hopkinton* v. *Upton*, 3 Met. 165. *Taunton* v. *Middleborough*, 12 Met. 35. See also *Shirley* v. *Lancaster*, 6 Allen, 31, 32; *Townsend* v. *Pepperell*, 99 Mass. 40, 46. These cases have never been doubted or qualified and must be considered a part of the law relating to settlement of paupers, and ought not to be departed from unless the intention of the Legislature clearly shows that a change was intended.

Henrietta M. Melvin being of unsound mind was not capable of forming such purpose and intention, and therefore her living at Quincy cannot be said to have been on her part with the purpose and intention of making that place her domicil, and she did not gain a settlement in her own right.

*Exceptions overruled.*