### JOSEPH SCHWARTZ v. D. D. WEST, GUARDIAN.

Decided November 9, 1904.

**1.—Lunatic—Guardian—Residence—Jurisdiction.**

A married woman having been adjudged insane in the county where she then resided and confined in the state asylum, her husband afterwards removed to and acquired community property in another county. Held, that the County Court of the latter county had jurisdiction to appoint a guardian of her estate.

**2.—Community Property—Insanity of Wife.**

Article 2220 of the Revised Statutes does not, upon the wife becoming insane, transfer to the husband the title to her portion of the community property nor affect its descent and distribution as prescribed by other statutes.

**3.—Same—Will.**

Where the wife had been adjudged insane, the husband who had not dis-

posed of the community property during his·lifetime could not dispose of her interest in it by will.

Appeal from the District Court of Hamilton.   Tried below before N. R. Lindsey.

*Main & Chesley,* for appellant:—

The Probate Court of Hamilton County, Texas, had no jurisdiction to appoint appellee guardian of the estate of Mrs. H. Luedthke for the following reasons:—First, because she did not at the time of the attempted appointment, reside in Hamilton County, Texas, nor did she ever so reside.   Second, because the appointment was attempted to be made without sworn information charging her with lunacy, without warrant, without a jury, and without her personal appearance as the law directs, and upon the court's own motion, and therefore said appointment was without authority of law and wholly void and said suit should have been abated, or in any event suspended until appellant's petition to vacate said order could have been heard and determined.   Sayles Revised Statutes of 1897, arts. 2735, 2736, 2737, 2738, 2739, 2740 and 2741.

The land in controversy having been purchased with the proceeds of community property, and Mrs. H. Luedthke having become insane and having been adjudged so to be since the act of 1893, and there being no children, the community passed to and was inherited by her husband H. Luedthke, and therefore passed to appellant by the last will of the said H. Luedthke.   Sayles Revised Statutes 1897, art. 2220; Hart. Dig., art. 2422; Pasch Dig., art. 5498; Wall v. Clark, 19 Texas, 324.

Should a statute appear to be harsh and calculated to work an injury, if not in conflict with the Constitution the same should be sustained, and the public should appeal to the Legislature and not to the courts to right it, if wrong.   Read v. Levy, 30 Texas, 742; Sutherland v. DeLeon, 1 Texas, 304; Berry v. Childress, 32 Texas, 372; Thompson v. Buckley, 1 Texas, 33; DeLeon v. Owen, 3 Texas, 153; Runnels v. Belden, 51 Texas, 50.

*J. W. Warren* and *A. R. Eidson,* for appellee.

Mrs. H. Luedthke having been duly adjudicated a lunatic, her separation from her husband by being confined in the Lunatic Asylum at San Antonio was involuntary and enforced, and her legal domicile followed that of her husband, and at the time of the commencement of the proceedings for letters of guardianship upon her estate in Hamilton County the residence of her husband was in that county, and her residence, by construction, was also there, and the Probate Court of Hamilton County had jurisdiction of such proceeding.   Hardy v. Deleon, 5 Texás, 235-6. Sayles Rev. Stats. art. 2566; Russell v. Randolph, 11 Texas, 465; Flynn v. Haucuh, 80 S. W. Rep., 245; Henderson v. Ford, 46 Texas, 627; Clements v. Lacy, 51 Texas, 158.

When it comes to the knowledge of the county judge, that a person of unsound mind residing in his county and having an estate has no guardian of such estate, he, the county judge, is authorized of his own

motion to institute proceedings for the appointment of a guardian of the estate of such person. Rev. Stats. arts. 2574, 2742.

Article 2220 of Sayles Revised Civil Statutes, which provides that "Where the husband or wife dies, intestate or becomes insane, having no child or children, and no separate property, the common property passes to the survivor charged with the debt of the community and no administrator thereof, or guardianship of the estate of the insane wife or husband shall be necessary" does not vest absolutely the title of the insane wife in the community property in the husband, but simply confers on him the right of disposing of the same during his lifetime without administration, and at the death of the husband the title to such property remains in the insane wife, she being the survivor. Sayles Rev. Stats. arts. 2220, 1696.

FISHER, CHIEF JUSTICE.—This suit was brought in the District Court of Hamilton County by the appellee, D. D. West, as guardian of the estate of Mrs. H. H. Luedthke, to recover the 160 acres of land in controversy. Appellant answered, alleging that the Probate Court of Hamilton County had no jurisdiction to appoint the appellee guardian of said estate, and also answered by a general denial and plea of not guilty. The trial was before the court without a jury, and resulted in a judgment in favor of the appellee, as guardian, for the land sued for. The court filed conclusions of law and fact, which are adopted by this court and which are as follows:

"1. That Mrs. H. Luedthke was on the 13th day of March, 1894, duly adjudged to be a person of unsound mind by the County Court of Bosque County, Texas, and afterwards, on the 24th day of March, 1894, confined in the lunatic asylum in the city of San Antonio, said State, and that she has ever since been and is now so confined as a lunatic.

"2. That on the 23d day of October, 1903, plaintiff, D. D. West, was duly appointed guardian of the estate of the said Mrs. H. Luedthke by the County Court of Hamilton County, and on the 11th day of November, 1903, executed his bond and duly qualified as such guardian, and afterwards, on said day, returned an inventory and appraisement of the property belonging to the estate of the said Mrs. H. Luedthke, which was duly approved by said County Court, and that the plaintiff has ever since been and was at the time of the trial of this cause the properly qualified and acting guardian of said estate, and so recognized by the County Court of Hamilton County.

"3. That at the time of the adjudication of Mrs. H. Luedthke a lunatic her husband, H. Luedthke, resided in Bosque County, and afterwards, to wit, about the month of June, 1898, removed to Hamilton County and acquired the land in controversy in this suit with funds acquired by him during the existence of the marriage between him and the said Mrs. H. Luedthke, and that there was never any children of said marriage.

"4. That the said H. Luedthke died in Hamilton County on the 4th day of November 1898, having prior thereto made a will which was on the 12th day of January, 1899, duly probated by the County Court of

Hamilton County, and that said will purported to devise to the defendant, Joe Schwartz, all the right and title of the testator in and to the land in controversy in this suit.

"5. It was admitted by the parties to this suit that both the plaintiff and defendant claimed the land in controversy under H. Luedthke as the common source of title.

"Upon the above finding of fact, I find the following conclusions of law:

"1. That the property in controversy in this suit was, at the date of death of said H. Luedthke, the community property of the said H. Luedthke and the said Mrs. H. Luedthke.

"2. That the plaintiff as the guardian of the estate of the said Mrs. H. Luedthke is entitled to recover an undivided one-half interest of the land in controversy in this suit for the estate of said Mrs. H. Luedthke, and judgment is rendered accordingly."

Appellant's first assignment of error is as follows: "The court erred in overruling the defendant's plea in abatement and to suspend the action, as shown by appellant's bill of exception number 1." Under this assignment is submitted the proposition that as the appellant had filed an action in the Probate Court of Hamilton County to set aside the guardianship proceedings, the court should have delayed a decision of this case to await the determination of the County Court on the direct proceeding to vacate and set aside the guardianship proceedings. And it is contended that the County Court did not have the jurisdiction and power to appoint the appellee guardian, because Mrs. Luedthke was not a resident of Hamilton County at the time that the County Court assumed jurisdiction to appoint the appellee guardian, because the appointment was attempted to be made without sworn information charging Mrs. Luedthke with being a lunatic.

The court ruled against appellant on these questions. We are of the opinion that the County Court of Hamilton County had jurisdiction over the person and estate of Mrs. Luedthke, although she at the time was an adjudged lunatic, confined in the asylum at San Antonio. It appears from the facts that at the time she was adjudged a lunatic she and her husband resided in Bosque County, but he afterwards removed to Hamilton County, where the land in controversy is situated. In the absence of separation, the residence of the husband is the residence of the wife; and we think that the mere fact that Mrs. Luedthke was confined in the asylum at San Antonio did not make that county her place of residence.

As to the other question we are of the opinion that in view of the fact that Mrs. Luedthke had already been adjudged to be a person of unsound mind, and such was found to be the case at the time the guardianship proceeding was instituted, that the County Court of Hamilton County could assume jurisdiction over her estate and appoint a guardian therefor; and that the exercise of jurisdiction, in view of the facts as stated was not dependent upon an information filed in that court. She had been adjudged a lunatic by the County Court of Bosque County, and it was unnecessary for the County Court of Hamilton County, as a prerequisite to the exercise of its jurisdiction over her estate, to deter-

mine and ascertain a fact which had already been adjudicated and set-
tled by a court of competent jurisdiction. The judgment of the County
Court of Bosque County declaring Mrs. Luedthke a lunatic was a suf-
ficient basis for the County Court of Hamilton County, when she be-
came a resident of that county, to act upon the assumption that she
was still a lunatic, and assume jurisdiction over her estate, by virtue
of the provisions of the Revised Statutes that require the judge of the
County Court to appoint a guardian for a lunatic and a person of un-
sound mind.

It is next contended by appellant that the court erred in rendering
judgment in favor of appellee, because, by virtue of article 2220 of the
Revised Statutes, the husband became the owner of the community
property of himself and wife when the latter was adjudged a lunatic.
The article of the statute mentioned is taken from the Act of the Leg--
islature of May 1, 1893, which purports to amend articles 2165, 2166,
2167 and .2181, chapter 28, of the Revised Civil Statutes of 1879. Ar-
ticle 2165 of the Act of May, 1893, which was carried into the present
Revised Statutes, reads as follows: "Where the husband or wife dies
intestate or becomes insane, leaving no child or children and no sepa-
rate property, the common property passes to the survivor, charged with
the debts of the community and no administration thereon or guardian-
ship of the estate of the insane wife or husband shall be necessary." The
original statute that this provision purports to amend is found to be
article 2165 of the Revised Statutes of 1879. Its place in that statute
is among those provisions regulating the estate of decedents, and is un-
der the heading of the administration of community property. The
amendment occupies a like position and under a like heading in the
present Revised Statutes.

The original Act did not confer any right upon the husband or wife
by reason of the insanity of either. There is nothing in the Act of
May 1, 1893, indicating a purpose to repeal article 1696 of the present
Revised Statutes, which had been the law many years prior to the 1st
of May, 1893, and thereafter, to the effect that upon the dissolution
of the marriage relation by death, all property belonging to the com-
munity estate of the husband or wife shall go to the survivor, if there
be no child or children of the deceased or their descendants. To give
effect to article 2220 as contended for by the appellant would operate
in cases of this character as a repeal of article 1696, which is found in
that part of the statute that regulates descent and distribution.

It is difficult to believe that the Legislature intended by amending
article 2165 of the Revised Statutes of 1879, by enacting article 2220
of the present Revised Statutes, to change the law of descent or of
title to community property that was fixed by virtue of article 1696 of
the present statutes. The verbiage of article 2220, together with the
place and the heading under which it is found in the Revised Statutes,
and other provisions of the statute which relate to the administration
of the community estate, as well as certain provisions of the statute
requiring a guardianship of the estate of insane persons, indicate that
the legislative purpose and intention was by article 2220 to merely dis-
pense with an administration or guardianship of the community estate

of the insane spouse when there were no children, and that such property passed to what the statute terms the survivor, charged with the debts of the community. The purpose was to enable the sane spouse to treat the community property as his own, for the purpose of paying debts, or of disposing of it in such a way and under such circumstances as would be lawful to be done by the husband or wife during the existence of the marriage. The insanity of the wife did not deprive the husband of his control and right of disposition of the community property; but the insanity of the husband would give the same wife the same right and authority over the community that the law conferred upon husbands generally. But as said before, we do not believe that the mere fact of insanity would work a change of title, or that it was ever the purpose of the legislature in enacting article 2220 that such effect should result. In this case the husband did not dispose of the community property during his lifetime, as he could have done, but only attempted to do so by will, which became effective after his death. And it is needless to cite authority upon the proposition that neither spouse can by will dispose of the community interest of the other. Martin v. Moran, 11 Texas Civ. App., 511; 32 S. W. Rep., 904. This was evidently the view of the question entertained by the trial court, and we think it correctly construed the law upon this subject.

We find no error in the record, and the judgment is affirmed.

*Affirmed.*