## Petition of McLAUCHLAN.

### In re HERSEY.

(Circuit Court of Appeals, First Circuit. July 18, 1924.)

### No. 1701.

1. **Chattel mortgages** ☞87—**Place of recording; "resides."**

In G. L. Mass. c. 255, § 1, requiring chattel mortgages to be recorded in the town where the mortgagor resides when the mortgage is made and also in the town where he then principally transacts his business, the word "resides" means the place of his permanent abode, and not the place where he may be temporarily living.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Reside.]

2. **Chattel mortgages** ☞87—**Mortgage held properly recorded under law of Massachusetts.**

A chattel mortgage made by a bankrupt, whose place of business and permanent residence was in Boston, where the mortgage was recorded, held not invalid, under the law of Massachusetts, because it was not also recorded in the town where bankrupt was living temporarily when it was made.

3. **Chattel mortgages** ☞50—**Not invalid because of omission of after-acquired property clause.**

A chattel mortgage on a stock of merchandise given to secure a bona fide indebtedness is not invalid because it does not contain a clause covering after-acquired property, but is valid as to the goods in stock when it was made.

Petition to Revise in Matter of Law Proceedings of the District Court of the United States for the District of Massachusetts.

In the matter of Isaac B. Hersey, bankrupt. On petition of Nellie McLauchlan to revise an order of the District Court. Reversed, and order of referee affirmed.

John G. Brackett, of Boston, Mass., for petitioner.

Joseph B. Jacobs, of Boston, Mass. (Jacobs & Jacobs, of Boston, Mass., on the brief), for respondent.

Before BINGHAM, JOHNSON, and AN· DERSON, Circuit Judges.

JOHNSON, Circuit Judge. This is a petition to revise in matter of law the order of the District Court of the United States for the District of Massachusetts denying the claim of the petitioner as mortgagee under a mortgage given by the bankrupt to her.

The bankrupt conducted a hardware store at 459 Blue Hill avenue in the city of Boston in June, 1922, and some time during that month the referee found that he, with his wife and daughter, "went from Boston to Assinippi with the intention of shortly returning"; that his household goods were stored in a warehouse, and he took with him to Assinippi two beds and bedding and a little other furniture. Assinippi is a village in the town of Hanover in the state of Massachusetts. He further found that on July 1, 1922, bankrupt gave a mortgage to the petitioner of the stock and fixtures in his hardware store in Boston to secure a debt of $4,-300 which he owed to the petitioner; that this mortgage was seasonably recorded upon the records of the city of Boston, but was never recorded on the records of the town of Hanover; that the bankrupt continued to carry on his hardware business in the city of Boston until after said mortgage was recorded, and at the time of its record had no intention of retiring from said business or filing a petition in bankruptcy; and that the amount for which the mortgage was given was actually owed by the bankrupt to the mortgagee.

[1] Section 1, c. 255, G. L. of Massachusetts, is in part as follows:

"Section 1. Mortgages of personal property shall, within fifteen days from the date written in the mortgage, be recorded on the records of the town where the mortgagor resides when the mortgage is made, and on the records of the town where he then principally transacts his business. * * *

"The mortgage shall not be valid against a person other than the parties thereto until so recorded; and a record made subsequently to the time limited shall be void."

The validity of the mortgage is attacked because it was not recorded in the town of Hanover, as well as in the city of Boston.

On December 22, 1922, the bankrupt filed a petition in bankruptcy and was adjudged a bankrupt on the same day. In both the mortgage and petition in bankruptcy the bankrupt described himself as of Boston, in the county of Suffolk, state of Massachusetts.

In his certificate the referee reports that in the petition the residence of the bankrupt is stated as Assinippi; but the copy of the petition in the record discloses that he is in error. The statement as to residence by the mortgagor in the mortgage is, however, immaterial, and at best furnishes but prima facie evidence as to residence which may be easily overturned.

No decision of the Supreme Court of Massachusetts has been cited by counsel upon either side in which the word "resides," as used in this statute, has been construed.

Our attention has been called by counsel to Alexander, Trustee, v. F. L. Smithe Mach. Co., 143 N. E. 321, opinion in which was handed down by the Supreme Judicial Court of Massachusetts on April 9, 1924, in which the court held that where the mortgagor had his principal place of business in Boston and his residence in Chelsea and the mortgage was recorded only· in Boston, it was invalid as against the trustee in bankruptcy of the mortgagor. But in that case there was no claim that the residence of the mortgagor was elsewhere than in Chelsea.

Whether the mortgage was legally recorded or not depends upon the construction of the word "resides," as used in the statute.

In Stoughton v. Cambridge, 165 Mass. 251, 43 N. E. 106, in which a pauper settlement was under consideration, the court said:

"The word 'residence' is used in different senses. Generally, in the laws· relating to taxation, voting, and settlement, it means the same as domicile. Usually it means the same in the law of divorce (Shaw v. Shaw, 98 Mass. 158, 159), though with a well-recognized exception (Burlen v. Shannon, 115 Mass. 438, 447. Burtis v. Burtis, 161 Mass. 508). For the purpose of giving notice to an indorser, his place of residence implies less permanency of abode. Wachusett National Bank v. Fairbrother, 148 Mass. 181."

Considering that the purpose of the statute is to give notice to creditors of any mortgage upon personal property, we think that the word "resides," as used in the statute, means to have a home; and this includes, not · only physical presence in a place, but also the accompanying intent of choosing that

place as a permanent residence. Phillips v. City of Boston, 183 Mass. 314, 67 N. E. 250; Barron v. Boston, 187 Mass. 168, 72 N. E. 951.

A man may have several places of residence, but he can have but one permanent residence. He may have his permanent residence in the city, and he may have several residences in the country, to which he goes at different seasons of the year; but a mortgage given by him of his personal property must be recorded, under the statute, in the place where he has his permanent residence. It is there that creditors would look to ascertain if he had mortgaged any part of his personal property.

No better definition has been given of "residence" than that given by Circuit Judge Jenkins in Re Garneau, 127 Fed. 677, 679, 62 C. C. A. 403, 405, where the court said:

"Residence has been defined to be a place where a person's habitation is fixed, without any present intention of removing therefrom. It is lost by leaving the place where one has acquired a permanent home and removing, to another place animo non revertendi, and is gained by remaining in such new place animo manendi. * * * The term is an elastic one, and difficult of precise definition. The sense in which it should be used is controlled by reference to the object. Its meaning is dependent upon the circumstances then surrounding the person, upon the character of the work to be performed, upon whether he has a family or a home in another place, and largely upon his present intention."

In Inhabitants of Warren v. Inhabitants of Thomaston, 43 Me. 406, 418 (69 Am. Dec. 69), in construing the word "reside," the court said:

"When, however, a person voluntarily takes up his abode in a given place, with intention to remain permanently, or for an indefinite period of time, or, to speak more accurately, when a person takes up his abode in a given place, without any present intention to remove therefrom, such place of abode becomes his residence or home, and will continue to be his residence or home, notwithstanding temporary personal absences, until he shall depart with intention to abandon such home."

To effectuate the purpose of the statute the word "reside" must be construed as meaning the mortgagor's permanent place of abode, and not the place where he may be temporarily living.

[2] Unfortunately we have not the benefit of all the testimony taken before the referee, which presumptively included the statements of the mortgagor; but we do have the statement of the referee that, when the mortgagor went from Boston to Assinippi, he went "with the intention of shortly returning."

In White v. Stowell, 229 Mass. 594, 597, 119 N. E. 121, the court said:

"'A person cannot be said to lose his domicile or residence by leaving it with an uncertain, indefinite, half-formed purpose to take up his residence elsewhere. * * * Until his purpose to remain had become fixed, he could not be said to have abandoned his former residence.' Worcester v. Wilbraham, 13 Gray, 586, 590."

Accepting this finding of the referee as sustained by the testimony taken before him, the mortgagor did not lose his residence in Boston by moving, with his wife and child, for a temporary purpose only, to Hanover. Boston being the place where the mortgagor had his principal place of business and also his residence, the record of the mortgage there was a legal compliance with the statute.

[3] It is further contended that the mortgage is invalid because it does not contain the usual clause applicable to after-acquired property. The referee has found that the amount for which the mortgage was given was actually owed by the bankrupt to the mortgagee. While the mortgage would not cover property acquired by the mortgagor after its date, yet it covered the stock in the mortgagor's store at the time it was given, as well as the fixtures described therein, and was a valid mortgage of so much of the bankrupt's stock as was then there and of the enumerated fixtures.

There is no presumption of fraud in giving such a mortgage, and none has been found by the referee.

The order of the District Court is reversed, and the order of the referee declaring the mortgage valid is affirmed; petitioner to recover costs in this court.