In the Matter of Charles A. LEECH, Bankrupt.

No. 9199.

United States District Court
D. Maine, N. D.

Nov. 15, 1963.

Shirley Berger, Malcolm S. Stevenson, Bangor, Me., for petitioner.

Dana C. Devoe, Bangor, Me., Trustee.

GIGNOUX, District Judge.

This matter is before the Court on the petition of Home Radio and Furniture Company for review of an order of the referee in bankruptcy dated June 26, 1963 denying a petition filed by the trustee in bankruptcy to disclaim personal property purchased by the bankrupt from Home Radio and Furniture Company under a conditional sale contract.

The facts, which are undisputed, are these. The conditional sale contract in question was dated April 28, 1961 and recorded on May 9, 1961 in the office of the city clerk of Bangor, Maine. At the time he executed the contract, the bankrupt and his wife were living at 64 Center Street, Bangor, where they were in charge of a student dormitory under a contract with Husson College which required them to live in the building during the nine months of the 1960–61 school year. Since at least April 16, 1959, the bankrupt had been the owner of residential premises at 20 Lemon Street, Veazie, Maine. He and his wife had lived in Veazie prior to assuming their duties under his con-tract with the college in September, 1960. At all times here relevant, the bankrupt had voted in Veazie; he intended to return to Veazie at the end of the school year; and he regarded Veazie as his "permanent residence."

The referee found that although the bankrupt was temporarily living in Bangor at the time he executed the contract, his permanent residence was in Veazie. He accordingly ruled that the recordation of the contract in the office of the city clerk of Bangor did not meet the requirement of the Maine conditional sales recording act, Me.Rev.Stat.Ann. ch. 119, § 9 (Supp.1961), that:

"* * * [a conditional sale agreement] shall not be valid except as between the original parties thereto, unless it or a memorandum thereof is recorded in the office of the clerk of the municipality *in which the purchaser resides* at the time of the purchase, * * *." (Emphasis supplied.)

Petitioner does not here challenge the referee's finding that Veazie was the bankrupt's permanent residence at the time he executed the contract in question. The sole issue raised by petitioner upon this review is the correctness of the referee's conclusion that the term "resides" in the Maine conditional sales recording act must be construed as meaning the purchaser's permanent residence.

As the referee noted, the Supreme Judicial Court of Maine has not interpreted the word "resides" as it appears either in the Maine conditional sales recording act or in the closely related Maine chattel mortgage recording act.[1] However, with reference to the essentially indistinguishable language of the Massachusetts chattel mortgage recording act,[2]

---

1. Me.Rev.Stat.Ann. ch. 178, § 1 (Supp. 1961), which provides in pertinent part: "No mortgage of personal property shall be valid against a trustee in bankruptcy * * * or against any person other than the mortgagor * * * unless and until the mortgage or a memorandum thereof is recorded * * * in the office of the clerk of the city * * * in which the mortgagor resides when the mortgage is given * * *."

2. Section 1, ch. 255 of the General Laws of Massachusetts in effect in 1924 provides in pertinent part: "Mortgages of personal property shall * * * be recorded on the records of the town where the mortgagor resides when the mortgage is made * * *."

the United States Court of Appeals for this circuit has held: "To effectuate the purpose of the statute the word 'reside' must be construed as meaning the mortgagor's permanent place of abode, and not the place where he may be temporarily living." Petition of McLauchlan, 1 F.2d 5, 7 (1st Cir. 1924).[3] This Court, like the referee, can perceive no relevant distinction between the language and purpose of the Massachusetts statute which was construed in McLauchlan and the language and purpose of the Maine statute which is involved in this proceeding. On the authority of McLauchlan, the referee's conclusion that the Maine statute required the recording of the petitioner's contract in Veazie, which was concededly the bankrupt's permanent residence at the time he executed the contract, is clearly correct.

The order of the referee is affirmed.

3. The Court noted that " * * * the purpose of the statute is to give notice to creditors of any mortgage upon personal property * * *." id. at 6, and that it is to the place where the mortgagor has his permanent residence " * * * that creditors would look to ascertain if he had mortgaged any part of his personal property." id. at 7.