## Pettus v. Perry.

---

### PETTUS, ADM'X, v. PERRY, EX'R.

The plaintiff brought suit upon a due bill; the defendant pleaded the statute of limitations and a general denial; there was a verdict and judgment for the plaintiff; there was no statement of facts: *Held*, That, as the cause of action set out in the petition appeared to be barred by the statute of limitations, the judgment must be reversed. In such a case the petition discloses no cause of action.

The case of Gautier v. Franklin a precedent for this.

Appeal from Austin. This suit was brought by Perry, executor of Stephen F. Austin, deceased, against Elizabeth Pettus, administratrix of William F. Pettus, deceased. The petition charged [487] that Pettus, deceased, in his

lifetime, made and delivered the following instrument in writing, to wit: "$1,753.90. On settlement this day I owe James F. Perry, executor of Stephen F. Austin, deceased, seventeen hundred and fifty-three dollars and ninety cents for value received. December 28th, 1838." It also alleged the death of William Pettus, and that Elizabeth Pettus, the appellant, became the administratrix; that the instrument sued on was duly presented within twelve months after the grant of letters of administration upon the estate of the deceased. The petition was filed on the 27th January, 1843; the defendant filed an answer, on the 11th April, 1845, in which she set up the statute. of limitations and a general denial. No further action seems to have been had until the 8th of October, 1845, when the defendant filed another answer, in substance the same as the first. Under this state of pleading, at the October Term of the court, there was a verdict and judgment in favor of the plaintiff for $2,047.86.

Special court composed of Chief Justice HEMPHILL, Associate Justice WHEELER, and JOHN E. CRAVENS, special judge.

*Munger*, for appellant.

*Gillespie*, for appellee.

CRAVENS, S. J. The third and last error assigned is the only one which is deemed necessary to discuss. It is as follows: "The petition shows no cause of action."

Before proceeding to the examination of this question it is necessary to see whether the nature of the objection here raised can be inquired into by this court under the state of the case as presented by the pleadings.

The answer, filed on the 8th of October, subsequent to the appearance of the defendant, will not be further noticed than to remark that it comes within the rule previously laid down [488] by this court in like cases: "The filing of pleas after answer filed, without first obtaining leave of the court, is an irregularity not to be sanctioned." (Coles *v.* Kelsey, 2 Tex. R., 543.)

"This being strictly an appellate court, it is our province to decide only those questions in general which were passed upon or presented to the court below." (2 Wend. R., 145; 13 Johns. R., 361.) "The exceptions to the rule are where the foundation of the action itself appears to have failed, or where the objection first taken in this court goes to the merits or to the foundation of the action, and could not have been obviated had it been made in the court below." (2 Tex. R., 405.)

The record shows that the limitation or prescription of the laws of the land was pleaded as a peremptory bar in the court below; but this plea does not appear to have been acted upon or to have entered into the consideration of the court in the rendition of its judgment; and it might be objected that it could not properly come within the cognizance of this tribunal, exercising appellate jurisdiction. "This plea was not withdrawn or the rights claimed thereby renounced; and if on examination it be fully sustained by the laws of the land, and a judgment rendered in contravention of such a plea be manifestly erroneous, the power of this court to refuse the correction of such error because the point had not attracted the attention of the lower court would be extremely questionable. The decisions of courts must conform to the laws of the land, whether that be presented by counsel in the primary or appellate courts or becomes otherwise manifest to the court." (Gautier *v.* Franklin, 1 Tex. R., 737, 738.)

For the purpose of the decision of this case, the view that I shall take of it renders it wholly immaterial whether the question of the statute of limitation was presented in the court below or not. Therefore any further discussion of the pleadings or the action of the court below will be avoided as unnecessary except so far as to ascertain what the plaintiff relies upon to enable him to recover.

## Pettus v. Perry.

Upon the grounds shown in Coles v. Kelsey, (2 Tex. R., 541,) and the authority there cited, the correct rule would seem to be that upon all stale demands it is the subsequent promise and not the old debt that is to be regarded as the cause of action. This subject has been discussed by this court, and the view taken of it by a majority meets with my unqualified approbation. (Coles v. Kelsey, 2 Tex. R., 541; Swenson v. Walker, 3 Tex. R., 93; Long v. Anderson, decided at this term of the court.) These decisions establish the principle that the statute of limitations may be made available, when taken for the first time in this court, either upon appeal or writ of error, although there was an appearance in the court below: for the reason that without a new promise being disclosed there could be no cause of action upon a demand that had become stale. To require the old debt and the new promise both to be set out in a petition in a case of this kind is perfectly in accordance with our practice, and no more than is required by this court in all other cases. The requisites of pleading under our system are concisely stated in the case of Mims v. Mitchell, (1 Tex., R., 476,) in which it is said: "The object of pleading is to apprise the court and the opposite party of the facts upon which the pleader intends to rely, as constituting his cause of action or ground of defense. And the averments should set forth the facts relied on with such precision, clearness, and certainty as to apprise the opposite party of what he will be called upon to answer and what is intended to be proved, so that the evidence introduced may not take him by surprise. Such certainty is essential in order that the facts relied on by either party may be understood by the party who is to answer them, by the jury who are to ascertain their truth, and by the court who is to give judgment. Where there is not such certainty, objections to evidence ought to be sustained; for a party ought not to be permitted to prove what he has never averred. More especially is this true in reference to the pleadings under our system." Does a petition upon a stale [490] demand, without an averment of a subsequent promise of payment, when that subsequent promise is relied upon to render the party liable, conform to these rules is a subject worthy of consideration. Is the subsequent promise a fact relied on to fix the liability of the party; is he apprised that he is called upon to answer for the subsequent promise; or is it intimated that that fact is intended to be proven. If not averred in the petition, the introduction of such testimony would be well calculated to operate as a surprise. It would fix his liability by proof that he had no reason to anticipate from any averment contained in the complaint, and consequently be a violation of rules laid down by this court to govern in the adjudication of rights in this country. But if this court will adhere to the rules established in the case above referred to, our pleadings will really be what they were intended to be, and what the English pleadings are defined to be: the statement in a legal and logical manner of facts which constitute the plaintiff's cause of action or the defendant's ground of defense, or the written statement of those facts intended to be relied on as the support or defense of the party. (1 Tex. R., 447.)

Our Legislature having adopted the same language in our statute that is made use of in the statute of another state of this Union could only be evidence of the intention to let it have the same effect when applied to transactions, and could certainly be no evidence of the intention of the Legislature to adopt the same form of pleading for bringing the defense the statute gives before the tribunals whose duty it is to apply it. But could such an intention on the part of the Legislature be inferred, it is expressly repudiated by the enactment of laws wholly dissimilar for that purpose to those of the state from which they copied the statute. That the effect of the statute is and should be the same everywhere is readily admitted. But that the manner of proceeding under or applying its remedial properties is a matter of local regulation, and must be governed by the laws of the forum where it is to be applied, is equally clear.

[491] It was determined in Gautier v. Franklin (1 Tex. R., 747) that notes executed prior to the passage of the statute adopting the common law and repealing the old law of prescription, according to the law then in force, would be

barred in ten years from the date of their maturity had the prescription continued without interruption; and that the time which elapsed under the old was to be computed with reference to that law, and that which follows according to the new law, in the proportion which each time bears to the term required by the old and new law. On the note here sued upon prescription ran from the 28th December, 1838, until the introduction of the common law; a period of one year and nineteen days, or a period about equal to four months and a half under the new term, leaving three years seven months and a half to be accomplished under the law of 1841. This suit was not commenced until nearly four years after the passage of the statute of limitations of the 5th February, 1841, and about four months beyond the time necessary to complete the bar, and consequently the action cannot be maintained.

It is ordered, adjudged, and decreed that the judgment of the court below be reversed and the cause remanded for further proceedings, and that the appellee pay the costs of this court.

　　　　　　　　　　　　　　　　　　　　　　　. Judgment reversed

WHEELER, J., dissented.

