# OCTOBER, 1921

### C. B. STEWART ET AL. V. ELIZABETH POINBOEUF ET AL.

#### No. 2903. Decided October 12, 1921.

(233 S. W., 1095.)

1—.Jurisdiction—Estates of Decedents.

The court to which application for administration is first made acquires thereby jurisdiction to determine the facts on which its jurisdiction to administer rests. (Pp. 303-305).

2.—Same—Claims of Rival Courts.

The jurisdiction of rival probate courts seeking to administer upon the estate of a decedent is not determined by priority of judgment nor priority in the issuance and service of process. It is fixed by the first filing of an application with necessary allegations to show jurisdiction, and the truth of these allegations must be there determined. All persons interested are parties to that proceeding, and the determination of the facts sustaining jurisdiction there cannot be collaterally attacked or overcome by proceedings in another probate court, though its service of notice and judgment taking jurisdiction of the administration were had prior in point of time to those where the first application was filed. (Pp. 304, 305).

3.—Same—Case Stated.

Application for letters of administration on the estate of a decedent, with necessary allegations to show jurisdiction, were filed in M. county, and applicant appointed and qualified as temporary administrator. Subsequently application for probate of a will of decedent and administration was made in H. county, with allegation that decedent resided and died therein. Service of notice was completed and this application came on for hearing in H. County before the completion of the notice or determination of the facts was had in M. county. A plea in abatement and to the jurisdiction of H. county was overruled, the will admitted to probate, and the applicant appointed administrator. *Held* that the overruling such plea was error requiring reversal, and this though the evidence supported the judgment. The filing of the first application in M. county gave that court jurisdiction to determine the facts as to whether that was the proper county. The second applicants must contest such facts there; they could not deprive that court of its jurisdiction by asserting and proving contrary facts in the court of H. county. (Pp. 302-306).

4.—Cases Discussed.

Clepper v. State, 4 Texas, 245; Bonner v. Hearne, 75 Texas, 253; Texas Trunk Ry. Co. v. Lewis, 81 Texas, 7; followed. (P. 305).

Questions certified from the Court of Civil Appeals for the First District in an appeal from Harris County.

*J. Llewellyn, C. A. Toler, Fisher, Campbell & Amerman,* and *W. N. Foster* for appellants.—Of courts having concurrent jurisdiction over a controversy the one taking the first step is entitled to

maintain its jurisdiction and proceed to judgment undisturbed by interference on the part of any other court of co-ordinate power, and the court in which a subsequent suit is filed should abate the same so as not to interfere with the court first assuming jurisdiction of the case. Miller & Vidor Lumber Co. v. Williamson, 164, S. W., 440; Sparks v. Bank, 168 S. W., 48; Goggan & Bros. v. Morrison, 163 S. W., 119; Railway Co. v. Lewis, 81 Texas, 1; Burdett v. State, 9 Texas, 43; Riesner v. Railway Co., 89 Texas, 656; Stone v. Byars, 73 S. W., 1087; Bull v. Bearden, 159 S. W., 1179; Blassingame v. Cattlemen's Trust Co., 174 S. W., 901; Bank v. Goolsby, 35 S. W., 715; Railway Co. v. Scoggin, 95 S. W., 651; Worden v. Pruter, 88 S. W., 435; 1 Corpus Juris pp. 53 to 60 inclusive.

The rule announced in the foregoing proposition applies to the several county courts of Texas as courts of probate, and when temporary letters of administration have been granted by the County Court of a county and an application has been made to the same court for letters of permanent administration, followed by seasonable issuance of proper notice in probate, the jurisdiction of the County Court of that county attaches and no other County Court can oust that jurisdiction over the estate of the decedent by granting letters. Giddings v. Steele, 28 Texas, 750; Grande v. Chaves, 15 Texas, 551; Burdett v. Silsbee, 15 Texas, 616; Brockenborough v. Melton, 55 Texas, 503; Martin v. Robinson, 67 Texas, 368; Stone v. Byars, 73 S. W., 1087; Farmer v. Saunders, 128 S. W., 941; McDonnell v. Farrow, 31 So. 475 (Ala.); Nash v. Sawyer, 87 N. W., 707 (Iowa); Beasley v. Howell, 22 So. 989; 1 Corpus Juris, pp. 61 to 65 inclusive.

That a probate proceeding is a proceeding *in rem* and binding upon the whole world, and especially all persons interested in the estate see: Black on Judgments p. 633; 23 Cyc. 1406 to 1411 inclusive; Miller v. Foster, 76 Texas, 479.

A cause of action is pending so as to support a plea in abatement if it has been technically commenced in accordance with the rules which determine what constitutes the commencement of an action under the statutory provisions and judicial decisions of the particular jurisdiction involved. And in Texas a civil proceeding is commenced when the plaintiff's petition is filed in the office of the clerk of the court, followed by reasonable and seasonable diligence in the issuance of citation. 1 Corpus. Juris. pp. 57 to 60, especially p. 59, also p. 1155; Tribby v. Wokee, 74 Texas, 142; Bank v. Scott, 159 Fed., 58; R. S. Arts. 1812, 1850 and 3210; also R. S. Arts. 3229, 3230, 3231, 3256 and 3257; Estates of Decedents, Title 52, Chapts. 1 and 7, R. S.; Maddox v. Humphreys, 30 Texas, 497; Bates v. Smith, 80 Texas, 242; Jones v. Andrews, 72 Texas, 14; Standard Life & Accident Co. v. Askew, 32 S. W., 31.

*Moody & Boyles,* for appellees.—Upon the death of a person having a fixed place of residence in this state, the County Court of the county of his fixed place of residence has exclusive jurisdiction over his estate. There are no county courts of concurrent jurisdiction over the estate of a decedent having a fixed place of residence in this state. Articles 3209, 3210, Vernon's Sayles' Texas Civil Statutes, 1914; George v. Watson, 19 Texas, 369; Angier v. Jones, 28 Texas Civ. App., 402, 67 S. W., 449; White v. Holmes, 129 S. W., 874; Tilton v. O'Connor, 44 Atl., 303; In re Long's Estate, 81 Pac., 1007; In re King's Estate, 75 N. W., 187; In re Damke's Estate, 65 Pac., 888.

The filing of an application for letters of permanent administration in Montgomery County, upon which citation did not issue until after citation was complete upon the application to probate the will in Harris County, interposed no obstacle to the probating of the will of Laura Stewart Hardy by the courts of Harris County. Articles 3209 and 3210, Vernon's Sayles' Texas Civil Statutes of 1914; Tilton v. O'Connor, 44 Atl., 303; In re. Gould's Will, 9 N. Y. Supp., 603; Craig v. Hoge, 28 S. E., 319; In re. King's Estate, 75 N. W., 187; Phoenix Bridge Co. v. Castleberry, 131 Fed., 175; Wheeler v. Walton & Whann Co., 65 Fed., 720; 11 Cyc., 671, and foot note No. 23; 1 Corpus Juris, pp. 58, 59 and note.

The appointment of E. B. Stewart as temporary administrator by the County Judge of Montgomery County, at a time when the County Court was in vacation, did not confer jurisdiction on the County Court of Montgomery County. Articles 3250, 3251, 3255, 3281, 3288, 3297, 3298, Vernon's Sayles' Texas Civil Statutes, 1914; Ball v. Ball's Estate, 45 S. W., 606; In re. Damke's Estate, 65 Pac., 888, 889; In re. Long's Estate, 81 Pac., 1007.

The jurisdiction of the County Court in a probate matter does not attach until the making of an order admitting the will to probate or granting permanent letters of adminisration. Phoenix Bridge Co. v. Castleberry, 131 Fed., 175; Tilton v. O'Connor, 44 Atl., 303; Ewing v. Mallison, 70 Pac., 369; Wheeler v. Walton & Whann Co., 65 Fed., 720; Craig v. Hoge, 28 S. E., 319.

A probate proceeding is not a civil suit within the purview of Article 1812 of Vernon's Sayles' Texas Civil Statutes, 1914; and jurisdiction does not attach by the filing of an application for letters testamentary or of administration. Articles 1812, 3207, 3209 and 3210 of Vernon's Sayles' Texas Civil Statutes, 1914; United States Fidelity & Guaranty Co., v. Buhrer, 131 S. W., 808; United States Fidelity & Guaranty Co. v. Buhrer, 132 S. W., 505; Porter v. Sweeney, 61 Texas, 214, 215; Paige v. Bartlett, 13 So., 768.

A suit pending in one court can be pleaded in abatement of a subsequent suit in another court, brought by a party entitled to maintain the action, only when the first suit dispenses with the

necessity of the subsequent suit. The application for permanent letters of administration is a distinctly different proceeding from an application for letters testamentary, and the former can not be plead in abatement of the latter; for the parties are different, the relief to be granted is different, and the relief sought under either application could not be had under the facts alleged in the other application. Under an application for permanent administration, the probate court could not admit a will to probate, and vice versa. Langham v. Thomason, 5 Texas, 127; Miller-Vidor Lbr. Co. v. Williamson, 164 S. W., 440; Kansas City M. & O. Ry. Co. v. State, 155 S. W., 567; Mutual Life Insurance Co. v. Hargus, 99 S. W., 580; In re: Gould's Will, 9 N. Y. Supp., 603; Reis v. Applebaum, 136 N. W., 393; Larter v. Canfield, 45 Atl., 616; 1 Corpus Juris, pages 45 to 82, inc.; 1 Cyc., pages 21 to 29, inc.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

The certificate of the Honorable Court of Civil Appeals discloses the following facts:

On May 14, 1914, Mrs. Laura Stewart Hardy died in the County of Harris, in the State of Texas.

On May 15, 1914, E. B. Stewart filed in the county court of Montgomery County, Texas, an application for letters of administration on the estate of Mrs. Laura Stewart Hardy, decd., which contained all statutory averments to show jurisdiction in that court to grant the letters. The application also showed a necessity for the appointment of a temporary administrator of the estate.

On May 15, 1914, on presentation of the application, the county judge of Montgomery County, in writing, appointed E. B. Stewart temporary administrator of the estate, and, on the same day, he qualified by filing the bond and oath required by the order for his appointment. The temporary administrator was empowered to locate, collect, protect and hold intact the property of the estate, pending the appointment of a permanent administrator.

On June 9, 1914, Mrs. Elizabeth Poinboeuf filed in the County Court of Harris County, Texas, an application to probate an instrument, filed with the application, as the last will and testament of Mrs. Laura Stewart Hardy, decd.; and this application contained all averments to show jurisdiction over the estate in the County Court of Harris County.

On June 10, 1914, the county clerk of Harris County issued notices on the application of Mrs. Elizabeth Poinboeuf and delivered same to the sheriff of Harris County, who served same by posting, completing such service on June 27, 1914.

On June 24, 1914, the county clerk of Montgomery County issued notices on the application of E. B. Stewart for letters of permanent administration, which were delivered to the sheriff of Montgomery County on June 25, 1914, and he duly posted same.

On July 6, 1914, E. B. Stewart and others, claiming to be heirs of Mrs. Laura Stewart Hardy, decd., filed in the County Court of Harris County a plea to the jurisdiction of that court and a plea in abatement of the proceeding instituted by Mrs. Elizabeth Poinboeuf, alleging the pendency since May 15, 1914 of the proceedings in the County Court of Montgomery County.

On July 28, 1914, a few days in advance of the first term of the County Court of Montgomery County subsequent to the filing of Stewart's application, the County Court of Harris County overruled the pleas in abatement and to the jurisdiction, and granted the application of Mrs. Elizabeth Poinboeuf, admitting the instrument filed by her to probate and appointing her administratrix of the estate of Mrs. Laura Stewart Hardy, decd., with the will annexed.

On appeal to the District Court of Harris County, the pleas to the jurisdiction and in abatement were again urged and were again overruled, the trial judge finding, from evidence warranting the finding, that Mrs. Hardy's domicile, at the time of her death, was in Harris County; and, judgment was rendered admitting to probate as Mrs. Hardy's last will and testament the instrument presented by Mrs. Elizabeth Poinboeuf, and appointing Mrs. Elizabeth Poinboeuf administratrix with the will annexed.

From the judgment of the District Court of Harris County an appeal was perfected by E. B. Stewart and others to the Galveston Court of Civil Appeals.

On the foregoing facts, the following questions arise, which have been duly certified to this court, viz:

"1st. Did the District Court of Harris County properly overrule the pleas in abatement and to the jurisdiction presented by the contestants, appellants here, in the court below?"

"2nd. If the court erred in overruling the plea in abatement, in view of the fact that the evidence fully supports the finding of the trial court that the domicile of the deceased was in Harris County, ought the judgment to be reversed for this error?"

We answer the first question in the negative and the second question in the affirmative.

The County Court of Montgomery County had the general jurisdiction of a probate court, with power to grant letters of administration or to probate a will and grant letters testamentary. The court's jurisdiction over the estate of the decedent, Mrs. Laura Stewart Hardy, was invoked by the application of E. B. Stewart for letters of administration. It was necessary for the court in the proper exercise of its jurisdiction to determine whether the decedent resided in Montgomery County and whether she died intestate. Articles 3209, 3255, 3279 Vernon's Sayles' Texas Civil Statutes. The purpose of Stewart's application was to subject the property belonging to Mrs. Hardy's estate to the custody and con-

trol of the probate court of Montgomery County, and its jurisdiction attached when the application was filed. The court's jurisdiction to determine the application in no wise depended on the applicant establishing the truth of the averments of his application. A correct determination might involve the finding that the averments of the application were untrue, whereupon the application would be refused. Though appellees were devisees under a valid will of the decedent, they were parties to the proceeding begun by Stewart, (Crawford v. McDonald, 88 Texas, 630, 33 S. W., 325); and, the potential jurisdiction of the County Court of Montgomery County was the same as that of the County Court of Harris County. The former court having first acquired jurisdiction of the property belonging to Mrs. Hardy's estate, by the due commencement of a proceeding which it was empowered to adjudicate and which sought to have the court seize and exercise dominion over the property, it was entitled to exercise its jurisdiction without interference from any other court, and its judgments could not be reviewed, vacated, or avoided by orders entered in the subsequent proceeding in the County or District Court of Harris County. Jurisdiction of Stewart's application involved full power in the county court of Montgomery County to execute the judgment which might be rendered thereon. Such execution would be impossible if effect were given to an adverse judgment of another probate court assuming original jurisdiction over the estate. The truth of the jurisdictional averments in Stewart's application could not be contested in a collateral proceeding.

Burdett v. Silsbee, 15 Texas, 615, 616, determined that after the grant of administration by the probate court of one county its orders could not be collaterally drawn in question in a subsequent administration in the probate court of another county. In that case, the ground of attack was that the jurisdictional averments of residence, on which the first administration was sought and granted, were untrue. But it was determined that since it was competent for the court which first acquired jurisdiction over the estate to decide the truth of the averments as to the decedent's residence, its decision was conclusive and was not subject to collateral attack, and that the authority of the administrator, under the first grant of letters, was wholly unaffected by the proceedings in the subsequent administration.

No contention is made that the estate of Mrs. Hardy is subject to administration in any other probate court than that which first acquired jurisdiction of the estate. The claim of appellees is that the Probate Court of Harris County first acquired jurisdiction over the estate because it made the first order appointing an administrator, and because process was first issued and served out of that court. We do not think that priority of right to exercise jurisdic-

tion, in a proceeding of this character, ought to be determined by
either priority of judgment or priority in the issuance or service
of process. The fairest and most reasonable test is priority in in-
voking the exercise of jurisdiction. An applicant for letters of ad-
ministration or for letters testamentary is entitled to have citation
on his application forthwith issued and served. Articles 3256,
3257 Vernon's Sayles' Texas Civil Statutes. The date of an ad-
judication on his application may be delayed by circumstances be-
yond the applicant's control, such as the number of causes on the
court's docket or time taken by the court to render a decision. One
ought not to lose his right to an adjudication, properly sought, be-
cause a clerk or sheriff is delayed in issuing or serving process duly
applied for, nor because an earlier adjudication is secured from
another court.

One of our earliest statements of the law governing the answer to
the first question certified was made in Clepper v. State, 4 Texas,
245, where it is said to be a well known rule that "the jurisdiction
that was first called into exercise would have the right to go on to
judgment."

In Bonner v. Hearne, Receiver, 75 Texas, 253, 254, 12 S. W.,
38, it was held that the court's jurisdiction over a railroad in re-
ceivership proceedings dated from the first application to the court
for a receiver's appointment.

The opinion of Chief Justice Stayton in Texas Trunk Ry. Co.
v. Lewis, Sheriff, 81 Texas, 7, 8, 26 Am. St., 776, 16 S. W., 647,
points out that there is much force in the proposition, not necessary
to be determined in that case, that, where custody of property is
essential in the adjudication of a controversy within the court's
jurisdiction, the filing of a petition, presenting such controversy
for the court's adjudication, subjects the property to the court's
jurisdiction, and prevents the interference of any other court of
co-ordinate jurisdiction. We have no doubt of the correctness of
the proposition.

Since the adjudication of the County Court of Montgomery Coun-
ty as to Mrs. Hardy's residence, as to whether she died testate or
intestate, and as to the grant of letters of administration, was en-
titled to be given conclusive effect, unless reversed by an appellate
court, the County or District Court of Harris County could make
no binding adjudication relative thereto, no matter what might be
the state of the evidence as to Mrs. Hardy's true domicile. As said
by the Supreme Court of Massachusetts: "When different courts
have concurrent jurisdiction, the one before whom proceedings may
be first had, and whose jurisdiction first attaches, must necessarily
have authority paramount to the other courts, or rather, the ac-
tion first commenced shall not be abated by an action commenced
between the same parties, in relation to the same subject, in the

111 Tex.—20

same or any other court.'' Stearns v. Stearns, 16 Mass., 170. The plea challenging the authority of the County and District Court of Harris County to determine the proceeding instituted by Mrs. Poinboeuf, during the pendency of the proceedings in Montgomery County, was well taken and should have been sustained. It was reversible error to overrule the plea. .