**McGRADY et al. v. CLARY.   (No. 2056.)***

(Court of Civil Appeals of Texas.   Amarillo.
Jan. 24, 1923.   Rehearing Denied
Feb. 14, 1923.)

**1. Trespass to try title** ⬤�longdash33—**Answer held admission of possession or claim of title.**

A plea of not guilty is tantamount to a technical plea of the general issue, and hence, where in an action in trespass to try title to

recover land the plaintiff alleged defendants claimed the land, and the answer alleged that "defendant does not admit that the plaintiff is the owner of the land, * * * but * * * believes that the plaintiff has no valid title to said land," and further denied that defendants were in, or disturbed the possession of plaintiff, the pleading, in effect, pleaded the general issue, and was sufficient, under Vernon's Sayles' Ann. Civ. St. 1914, art. 7741, as an admission by defendants that they were in possession or claimed title to the premises, though defendants' answer did not state the extent of the claim; article 7731, abolishing the English common-law fictions, not depriving plaintiff under such answer of his right to maintain the action.

**2. Trespass to try title** ⬤�longdash1—**Purpose of statute held to abolish common-law fictions.**

The purpose of Vernon's Sayles' Ann. Civ. St. 1914, art. 7731, abolishing fictitious proceedings in actions of ejectment, and providing for the remedy of trespass to try title, was to abolish the fiction requiring plaintiff to prove a lease, an entry thereunder, and ouster by a third party.

**3. Executors and administrators** ⬤�longdash330, 383—**Question as to how much estate land necessary to sell to pay debts within discretion of probate court, and decision not open to collateral attack.**

Where it was necessary to sell estate lands, the question as to how much land was necessary to be sold was within the discretion of the probate judge, and on a collateral attack it will be presumed that he ascertained the value and marketability of the land, and that he took into consideration the effect of a sale of a portion on the value of what would be left.

**4. Executors and administrators** ⬤⟍longdash383—**Probate court's order of sale of land not subject to attack in action of trespass to try title.**

Though the effect of an action in trespass to try title to recover land may be one to remove a cloud from the title, the action nevertheless is technically a suit in trespass to try title, and in such an action an order of a probate court, decreeing the sale of lands so as to liquidate the debts of an estate, cannot be collaterally attacked.

**5. Executors and administrators** ⬤⟍longdash388(1)—**Purchaser of estate lands only required to determine jurisdiction to order sale and sufficiency of confirmation.**

The purchaser at an administrator's sale is required only to see that the probate court had jurisdiction of the subject-matter, and that a proper judgment confirming the sale has been duly entered.

**6. Judgment** ⬤⟍longdash475—**Orders and judgments of county courts having probate jurisdiction may not be collaterally attacked.**

A county court being one of general jurisdiction over the estates of decedents, where such jurisdiction once attaches, the orders and judgment of such court must stand until set aside, and may not be collaterally attacked.

**7. Appeal and error ☞984(1)—Costs ☞12—Matter of taxing costs largely discretionary, but reviewable.**

The matter of taxing costs is largely within the discretion of the trial court, but his action is subject to review on sufficient showing on appeal.

**8. Costs ☞32(1)—Successful plaintiff held improperly taxed with costs.**

Where defendant in an action of trespass to try title under Vernon's Sayles' Ann. Civ. St. 1914, art. 7741, could have avoided the payment of costs by disclaiming an interest in, or possession of, the premises, but failed to do so, the order taxing costs against the successful plaintiff will be set aside, in the absence of a showing that such costs were properly taxed against him.

Appeal from District Court, Motley County; J. H. Milam, Judge.

Action by Lee Clary against Tony Mc-Grady and another. Judgment for plaintiff, and defendants appeal. Reversed and rendered in part and affirmed in part.

W. O. Davis, of Gainesville, for appellants.

J. Ross Bell, of Paducah, and G. E. Hamilton, of Matador, for appellee.

HALL, C. J. [1, 2] Appellee, Clary, sued the appellant, a minor, and C. E. Quillan, as guardian, in trespass to try title, to recover a section of land in Motley county and rent. Omitting the formal parts, the answer is as follows:

"The defendant does not admit that the plaintiff is the owner of the land set forth in his petition, but is advised and believes that the plaintiff has no valid title to said land. The defendant denies that he ever entered upon said land and ejected the plaintiff therefrom, or that he withholds from the plaintiff the possession thereof. The defendant said that the plaintiff has been in the continuous, exclusive, and peaceable possession of the land set forth in his petition since October, 1909, and is still in such possession, and was at the time of the commencement of this suit. The defendant says that he has never been in possession of said land or entered thereon, or in any manner disturbed or molested the plaintiff in the use and possession thereof, and, having fully answered, the defendant puts himself upon the country."

The first proposition urged is that, since Clary was in actual, peaceable, exclusive, and uninterrupted possession of the land, he cannot maintain an action of trespass to try title against one out of possession, and who has never in any manner interfered with the use or possession thereof by plaintiff. As supporting this contention appellant cites V. S. C. S. art. 7737, which is as follows:

"The defendant in the action shall be the person in possession, if the premises are occupied, or some person claiming title thereto in case they are unoccupied."

This article was added to the original act of February 5, 1840, by the codifiers of the Statutes of 1879. It has been held under the original act that a plaintiff in trespass to try title may elect to consider himself ousted, and maintain the action against the defendant, who is not in actual possession and who has not attempted to oust him. Titus v. Johnson, 50 Tex. 238; Moody v. Halcomb, 26 Tex. 719. Appellant contends that these cases are not authority because they were decided before the codification of 1879. While this is true, later cases have reaffirmed the rule. Gaines, Justice, in Rains v. Wheeler, 76 Tex. 390, 13 S. W. 324, said:

"While one of the requisite allegations of the petition is that the defendant has entered upon and dispossessed the plaintiff, it was evidently intended that it should not be necessary to prove that allegation. Article 4790 of the Revised Statutes provides that 'the defendant in the action shall be the person in possession, if the premises are occupied, or some person claiming title thereto if they are unoccupied.' Article 4794 also provides that an answer to the merits shall be deemed an admission by the defendant that he was in possession of the premises, or claimed title thereto, at the time the suit was instituted. We think it evident, therefore, that it is not necessary to the maintenance of this action that the defendant should have possession of the disputed premises. It is sufficient that he claims title thereto. Why, then, under our liberal rules of pleading, should not the allegation that defendant is claiming the premises, when such is the fact, be as effectual to maintain the action as the fiction that the defendant has taken possession, and withholds the same from plaintiff?"

The last above mentioned article, which is now article 7741, V. S. C. S., provides that a plea of not guilty—

"or any other answer to the merits shall be an admission by the defendant, for the purpose of that action, that he was in possession of the premises sued for, or that he claimed title thereto at the time of the commencing the action, unless he states distinctly in his answer the extent of his possession or claim."

The defendant's answer did not state the extent of their claim, but the effect of the first part of the answer is to deny the plaintiff's allegation of ownership. This, in effect, pleads the general issue, and the rule is that a plea of not guilty is tantamount to a technical plea of the general issue. The plaintiff alleges that the defendants are claiming the land, and the answer above set out in full is sufficient under V. S. C. S. art. 7741, as an admission by the defendants that they are in possession or claiming title to the premises. The rule as announced in Moody v. Holcomb and Titus v. Johnson has been reaffirmed by our courts since the codification of 1879, in effect in the following cases: Edrington v. Butler (Tex. Civ. App.) 33 S. W. 144; Thompson v. Locke, 66 Tex.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

383, 1 S. W. 112; Day Land & Cattle Co. v. State, 68 Tex. 526, 4 S. W. 868. The appellants further insist that the statutes of this state expressly abolish all fictitous proceedings, and since the statutory requirement is that the party in possession, or one claiming the title, must be the defendant, their answer denying possession deprived the plaintiff of the right to maintain a suit under the statute. V. S. C. S. art. 7731, provides:

"All fictitious proceedings in the action of ejectment are abolished, and the method of trying titles to lands, tenements or other real property shall be by action of trespass to try title."

The purpose of this act was to abolish the senseless fictions of the English common law, in which the plaintiff was obliged to prove a lease from the person shown to have the title. He was required also to prove an entry under the lease and an ouster by some third party. The action was brought by a fictitious person as lessee against another fictitious person alleged to have committed the· ouster. If the defendant appeared, he was allowed to defend only by entering into the consent rule by which he confessed the fictitious lease, entry, and ouster to have been made, leaving only the issue of title to be tried. These are some of the fictions which the statute was enacted to abolish.

The facts which give rise to this action are substantially these: M. J. Hathaway was appointed administrator of the estate of Lee McGrady, deceased, by the county court of Childress county. At the time of his death Lee McGrady was possessed of an estate, consisting principally of the land in question in this suit and other lands in Motley county. The personal property, as shown by the inventory, consisted of less than $100 in the bank. Some of the real estate had been purchased from the state, and loans had been negotiated by McGrady, secured by liens upon most of the Motley county lands, and at the time Hathaway was appointed administrator the aggregate indebtedness was something more than $21,000. No question is raised as to the authority of the probate court of Childress county to appoint Hathaway administrator, nor is any issue made as to the regularity of his appointment or the condition of the estate at that time. The record shows that Hathaway made application to sell Motley county lands for the purpose of paying the debts against the estate and the expenses of the administration. An order of sale was entered by the probate court of Childress county, after proper notice, directing the sale of all the ranch lands for cash at private sale, and in the event satisfactory prices could not be obtained, then the administrator was authorized to sell for part cash and the remainder payable in one year, the deferred payment to be secured by lien on the land, subject to the court's approval.

After proper notice the entire ranch in Motley county was sold for cash; the appellee, Clary, purchasing two sections and Neely and Bird purchasing the remainder. These were all separate sales, from which Hathaway obtained a total sum of $35,416 in cash. · By order duly made in the probate court of Childress county, the court approved the report and confirmed the sales, directing the administrator to make proper conveyances, which was done on the 22d day of October, 1909. All claims against the estate were duly paid by Hathaway, who made his final report, showing that he had paid over the balance in his hands, amounting to $10,212.37 to C. E. Quillian, guardian of the minor, Toney McGrady, and that he had also turned over to the guardian certain town lots situated in the city of Childress. His report was approved, and he was discharged as administrator by final order entered on the 8th day of October, 1910. Clary has been in possession of the lands purchased by him since he acquired them. No evidence was offered by appellants tending to show that Clary purchased the two sections for less than their market price, and no facts appear that tend to impeach the sale except the sole contention that the administrator sold more property than was necessary to pay off the indebtedness.

[3, 4] No action has ever been instituted in Childress county, attacking the order of the probate court and the action of Hathaway in selling the Motley county lands in pursuance of such order. Hathaway's application was for an order of sale of all or so much of the Motley county ranch as the court might deem necessary for raising funds to pay the debts and expenses of administration. We are not informed by the record as to why the court ordered all of the Motley county ranch to be sold. That was a matter peculiarly within the discretion of the probate judge, and he alone could decide it. He was empowered to call in witnesses and fully investigate before making his order, and we must presume that he ascertained its value, its marketability, and that he took into consideration the effect of a sale of a portion upon the value of what would be left. In any event, the appellant has not directly sought to attack the validity of this order. After citing a number of authorities, appellants concede that the probate court, being one of general jurisdiction in matters relating to estates, its confirmation in this case of the sale of more property than was required to pay the debts and claims is at most merely voidable. It is further conceded that the district court of Motley county is without jurisdiction to review or set aside the orders of the county court of Childress county, unless such orders are absolutely void (Heath v. Layne, 62 Tex. 694), and that the action of the probate court cannot be

collaterally attacked in this suit, but must be set aside, if at all, by proceedings commenced in the court and county where the administration was granted. We do not construe this action to be one to remove the cloud from title, and, while that may be the effect of the judgment, it is technically a suit in trespass to try title. It has been held that the probate court has authority to order all the land belonging to an estate to be sold. Macmanus v. Orkney, 91 Tex. 27, 40 S. W. 715.

[5, 6] Many questions relating to the regularity and legality of proceedings by probate courts in the sale of real estate have been considered by the Supreme Court and Courts of Civil Appeals of this state, with the result that the purchaser at an administrator's sale is required only to see that the probate court had jurisdiction of the subject-matter, and that a proper judgment confirming the sale has ben duly entered. In considering such irregularity it has been held that a sale is not void: (1) Which was made under the court's order without the filing of an application; and (2) without an affidavit of the administrator showing the condition of the estate and the necessity of the sale; and (3) upon waiver of citation by the administrator. Sales have further been upheld where the land was not described in any order made by the court and until the deed was executed by the administrator. Sales have also been upheld that were made to pay debts not yet due. In the case of Wilkin v. Simmons (Tex. Civ. App.) 151 S. W. 1145, in an exhaustive opinion by Presler, Justice, the general rule was announced that, the county court being a court of general jurisdiction over the estates of decedents, where such jurisdiction once attached, the orders and judgments of such court must stand until set aside, and could not be collaterally attacked; that the defects, mistakes, errors, and irregularities in the action of the probate court in ordering a sale of land by an administrator could not be questioned or reopened in a collateral proceeding after the sale had been made, reported, and confirmed by the probate court. The foregoing general principles are conclusive against the attack made by appellants in this case upon the administrator's sale, as shown by many other decisions in this state. Robertson v. Johnson, 57 Tex. 64; Alexander v. Maverick, 18 Tex. 196, 67 Am. Dec. 693; Edwards v. Halbert, 64 Tex. 668; Murchison v. White, 54 Tex. 78; Stroud v. Hawkins, 28 Tex. Civ. App. 321, 67 S. W. 536; Brown v. Fleming (Tex. Com. App.) 212 S. W. 487; Heard v. Vineyard (Tex. Com. App.) 212 S. W. 492.

[7, 8] By cross-assignment the appellee attacks the action of the trial court in taxing costs against him. We think this assignment should be sustained. According to article 7741, V. S. C. S., an answer by the defendants in trespass to try title, going to the merits of plaintiff's action, must be held as an admission for the purposes of the suit that he was claiming some interest in, or was in possession of, the premises. The appellants could have avoided the payment of costs by disclaiming, but they failed to do this. The matter of taxing costs is largely within the discretion of a trial court, but his action is subject to review upon sufficient showing here. No good reason is stated by the court in the judgment for taxing the costs against the plaintiff, and no reason is apparent to this court why the successful plaintiff should be charged with such costs. In this particular the judgment below will be reversed, and judgment here entered that the costs be taxed against the appellants. In all other particulars the judgment is affirmed.

Reversed and rendered in part and affirmed in part.