**WOOTTERS v. WYNNE et al.   (No. 9180.)**

Court of Civil Appeals of Texas. Galveston.
May 29, 1928.

Rehearing Denied June 14, 1928.

1. **Insane persons ⬳33(1)—County court, having jurisdiction in proceeding for appointment of guardian, could determine whether alleged non compos mentis resided in county and whether he was of unsound mind (Rev. St. 1925, arts. 4102, 4111, 4267).**

County court, which was a court of general jurisdiction of probate court, with power to try lunacy cases and appoint guardians and administrators of estates of persons of unsound mind, having assumed jurisdiction of proceeding for appointment of guardian for a non compos mentis, was required, in proper exercise of its jurisdiction, to inquire into and determine whether non compos mentis resided in county and whether he was a person of unsound mind, under Rev. St. 1925, arts. 4102, 4111, 4267.

2. **Insane persons ⬳32—County court's jurisdiction to determine application for appointment of guardian of non compos mentis did not depend on applicant's establishing truth of petition.**

County court's jurisdiction to determine application for appointment of permanent guardian of estate of non compos mentis did not depend upon applicant establishing truth of averments of her petition, since court's jurisdiction attached when application was filed.

3. **Courts ⬳475(6) — County court first acquiring jurisdiction of property of non compos mentis by guardianship proceeding had exclusive jurisdiction thereof.**

County court which first acquired jurisdiction of property belonging to estate of non compos mentis by due commencement of proceeding for appointment of guardian, which it was empowered to adjudicate, and which proceeding sought to have court seize and exercise dominion over such property, could exercise its jurisdiction without interference from another court of co-ordinate jurisdiction invoked subsequent thereto.

4. **Courts ⬳475(1)—Court whose jurisdiction first attaches determines issues involved as against other courts of concurrent jurisdiction.**

When different courts have concurrent jurisdiction, the one before which proceedings may be first begun and jurisdiction attached has authority paramount to other courts to determine issues involved.

Appeal from District Court, Walker County; Carl T. Harper, Judge.

Mrs. Byrde E. Wootters, guardian, filed a petition attacking the appointment of G. A. Wynne as temporary guardian for W. A. Eastham, a non compos mentis, in which Mrs. Jones, joined by her husband, intervened. From a judgment of the district court confirming the appointment of Mrs. Wootters as permanent guardian of the estate of W. A. Eastham, made by the county court, Mrs. Wootters alone appeals. Affirmed.

Adams & Adams, of Crockett, for appellant.
Dean & Humphrey, of Huntsville, for appellee Wynne.
J. S. Bracewell, of Houston, for appellee Mrs. Helen M. Jones.

LANE, J. On the 11th day of May, 1927, Mrs. Helen M. Jones, sister of W. A. Eastham, filed an affidavit in the probate court of Walker county, Tex., averring that W. A. Eastham was a person of unsound mind, a non compos mentis; that he was a resident of said Walker county, but was at such time temporarily in Dallas county, Tex.; that he was without a guardian of his person and estate; and prayed for an appointment of a guardian of his estate. On said date a warrant of arrest was issued upon the affidavit of Mrs. Jones and placed in the hands of the sheriff of Walker county, with instructions to proceed to Dallas and bring W. A. Eastham before the county court of Walker county for trial upon said complaint of lunacy. Before the sheriff of Walker county could go to Dallas and get W. A. Eastham, Mrs. Byrde Wootters, B. A. Eastham, D. D. Eastham, and

Luther Eastham, Jr., caused the said W. A. Eastham to be carried from Dallas county to Houston county, upon a complaint in lunacy filed in Houston county subsequent to the filing of the complaint in Walker county by Mrs. Helen Jones, and he was tried and convicted of lunacy on the 13th day of May, 1927, in Houston county upon the complaint filed in that county, which was filed after the complaint made by Mrs. Jones had been filed in Walker county. Such trial was had in Houston county about the noon hour of May 13, 1927, and on the same day, and about 1 o'clock p. m. the county judge of Walker county, upon the application of Mrs. Jones, appointed G. A. Wynne as temporary guardian to take charge of the estate of W. A. Eastham pending further proceedings. Wynne duly qualified as such temporary guardian on the day of such appointment. After Wynne had qualified as such temporary guardian Mrs. Byrde Wootters filed a petition in the county court of Walker county attacking the appointment of Wynne as such guardian, insisting that that court was without jurisdiction to make such appointment. At the July term of the county court of Walker county, the court overruled the plea of Mrs. Wootters to the jurisdiction of that court. Mrs. Wootters then prayed that she be appointed permanent guardian of said estate in lieu of G. A. Wynne. Mrs. Jones, joined by her husband, intervened and contested the appointment of Mrs. Wootters, and prayed that Wynne's appointment be made permanent.

On the 15th day of July, 1927, the appointment of a permanent guardian came on to be heard in the Walker county court. All parties to the controversy appeared in person and by counsel. At such hearing the court found that Mrs. Wootters was entitled to the appointment as prayed for by her, and upon such finding she was appointed permanent guardian of said estate.

On the same day Mrs. Wootters qualified as such guardian by taking the proper oath and by giving a bond in the sum of $225,000. Notwithstanding, however, that the court had appointed Mrs. Wootters as such guardian, and that she had qualified as such guardian as above stated, both she and Mrs. Jones excepted to the judgment of the court, and Mrs. Jones appealed to the district court of Walker county.

On the 30th day of November, 1927, the cause came on for hearing in the district court, all parties again appearing in person and by counsel; whereupon Mrs. Wootters again urged her plea to the jurisdiction of the courts of Walker county. The court overruled such plea upon its finding that the residence of W. A. Eastham was in Walker county, as it had been for many years, and not in Houston county. Mrs. Wootters was again appointed permanent guardian of the estate of W. A. Eastham, or rather the court con-firmed her appointment by the county court of Walker county and her qualification thereunder, and ordered that its decree be certified to said county court for observance.

All parties gave notice of appeal, but Mrs. Wootters alone perfected an appeal.

[1] By appellant's first assignment, it is insisted that the court erred in holding that the jurisdiction to administer the estate of W. A. Eastham was in the county court of Walker county, for that the only writ de lunatico inquirendo ever decided was held in the county court of Houston county, and therefore under the law jurisdiction to appoint a guardian and administrator of said estate was exclusively in the county court of Houston county.

We overrule appellant's contention. As already shown, the jurisdiction of the county court of Walker county was invoked on the 11th day of May, 1927, by the filing of the application of Mrs. Jones to have a guardian appointed, and that the jurisdiction of the county court of Houston county was invoked subsequent thereto. The county court of Walker county being a court of general jurisdiction of a probate court, with power to try lunacy cases and appoint guardians and administrators of estates of persons of unsound mind, and it having assumed jurisdiction, it was incumbent upon it, in the proper exercise of the same, to inquire into and determine whether or not W. A. Eastham resided in Walker county, and whether he was a person of unsound mind. Articles 4102, 4111, and 4267, Revised Civil Statutes 1925.

[2, 3] The purpose of Mrs. Jones' application was to subject the property of W. A. Eastham's estate to the custody and control of the probate court of Walker county, and its jurisdiction attached when such application was filed, and to maintain such jurisdiction it was not bound to run a race with the county court of Houston county, which later assumed jurisdiction, to see which could first judicially determine the matter involved. The court's jurisdiction to determine the application in no wise depended on the applicant establishing the truth of the averments of her petition. The Walker county court having first acquired jurisdiction of the property belonging to the estate of W. A. Eastham by the due commencement of a proceeding, which it was empowered to adjudicate, and which sought to have the court seize and exercise dominion over such property, it was entitled to exercise its jurisdiction without interference from any other court of co-ordinate jurisdiction, and its judgment cannot thereafter be reversed, vacated, or avoided by orders entered by any other court of co-ordinate jurisdiction. Stewart v. Poinboeuf, 111 Tex. 299, 233 S. W. 1095, wherein it is said by Judge Greenwood of our Supreme Court:

"No contention is made that the estate of Mrs. Hardy is subject to administration in any

other probate court than that which first acquired jurisdiction of the estate. The claim of appellees is that the probate court of Harris county first acquired jurisdiction over the estate because it made the first order appointing an administrator, and because process was first issued and served out of that court. We do not think that priority of right to exercise jurisdiction, in a proceeding of this character, ought to be determined by either priority of judgment or priority in the issuance or service of process. The fairest and most reasonable test is priority in invoking the exercise of jurisdiction. An applicant for letters of administration or for letters testamentary is entitled to have citation on his application forthwith issued and served. Articles 3256, 3257, Vernon's Sayles' Texas Civil Statutes. The date of an adjudication on his application may be delayed by circumstances beyond the applicant's control, such as the number of causes on the court's docket or time taken by the court to render a decision. One ought not to lose his right to an adjudication properly sought, because a clerk or sheriff is delayed in issuing or serving process duly applied for, nor because an earlier adjudication is secured from another court.

"One of our earliest statements of the law governing the answer to the first question certified was made in Clepper v. State, 4 Tex. 245, where it is said to be a well-known rule that 'the jurisdiction that was first called into exercise would have the right to go on to judgment.'

"In Bonner v. Hearne, Receiver, 75 Tex. 253, 254, 12 S. W. 38, it was held that the court's jurisdiction over a railroad in receivership proceedings dated from the first application to the court for a receiver's appointment.

"The opinion of Chief Justice Stayton in Texas Trunk Ry. Co. v. Lewis, Sheriff, 81 Tex. 7, 8, 16 S. W. 647, 26 Am. St. Rep. 776, points out that there is much force in the proposition, not necessary to be determined in that case, that, where custody of property is essential in the adjudication of a controversy within the court's jurisdiction, the filing of a petition, presenting such controversy for the court's adjudication, subjects the property to the court's jurisdiction, and prevents the interference of any other court of co-ordinate jurisdiction. We have no doubt of the correctness of the proposition."

[4] Since the undisputed facts show that proceedings to have a guardian appointed over the estate of W. A. Eastham, non compos mentis, were first begun by the filing of the application for such appointment by Mrs. Jones in the county court of Walker county, a court of general jurisdiction over probate matters, and since it is well settled that, when different courts have concurrent jurisdiction, the one before which proceedings may be first begun and jurisdiction attached must necessarily have authority paramount to the other courts to determine the issues involved, we deem it unnecessary to refer to other matters discussed in the briefs of the parties.

For the reasons pointed out, the judgment is affirmed.

Affirmed.