**WALKER et al. v. SINCLAIR PRAIRIE OIL CO. et al.**

**No. 14447.**

Court of Civil Appeals of Texas. Fort Worth.

Nov. 13, 1942.

Rehearing Denied Dec. 11, 1942.

Horace K. Overbey, of Ryan, Okl., and Donald & Donald and Joe H. Cleveland, all of Bowie, for appellants.

Paul A. McDermott and Hardwicke & Cheek, all of Fort Worth, for appellee Sinclair Prairie Oil Co.

Benson & Benson, of Bowie, for appellee O. L. Kiel.

Kilgore & Rogers, of Wichita Falls, for appellee A. T. Junk.

BROWN, Justice.

Wm. H. Walker, a citizen of Montague County, died April 27, 1935, leaving a will and a codicil attached thereto.

On May 29, 1935, one Harold Crain filed a petition in the county court of said County, setting forth the essential facts of the death of the testator, the existence of the will, the fact that the executrix named in same—who was the wife of testator—was dead and that she died prior to the death of testator, that there was a necessity for administration upon the estate of deceased testator and that the applicant was in nowise disqualified to act as administrator.

Notice was issued by the clerk of the probate court of the proposed probate of the will and that the application for probate would be considered and acted upon on June 10, 1935.

On said June 10th, said court made its order admitting the will to probate and appointed Harold Crain administrator with will annexed. He took the oath and made the bond required on June 10, 1935. Appraisers were duly appointed and the inventory and appraisement was duly made and filed June 27, 1935, showing claims against the estate in the sum of $423. Due approval was made by the court on June 27, 1935.

On March 31, 1936, the administrator filed an application, reciting the necessity for selling a certain tract of 150 acres belonging to the estate, to pay the debts and claims and costs of administration.

On April 8, 1936, the court made its order directing the administrator to sell the said tract of land at private sale for cash, and that the statutory bond be made by the administrator, and due report of sale be made to the court.

All this was done and on April 9, 1936, the report of sale was made to the court, and on April 16, 1936, the court made its order confirming the sale to A. T. Junk and O. L. Kiel, the proposed purchasers, and directing the administrator to make a proper deed. On April 18, 1936, the deed was duly executed.

On August 13, 1936, the administrator made a report to the court reciting that all debts against the estate had been paid, and prayed that his final account, filed as of the date of such petition, be approved and that he be discharged and the administration closed, after due notice.

On August 27, 1936, the probate court approved the final account, discharged the administrator and closed the estate.

It appears from the transcript that the original petition in this cause was filed July 15, 1940. We do not know the nature and contents of same and assume that the Third Amended Petition contains substantially the same allegations for recovery.

Robert N. Walker and a large number of others, alleged to be all of the heirs of Wm. H. Walker, deceased, brought suit against O. L. Kiel, A. T. Junk, Sinclair Prairie Oil Company, the said Crain, and a number of other defendants, not necessary to be named.

The first count is in trespass to try title, and the second count contains many allegations, all of which constitute an attempt to attack all of the probate proceedings above mentioned, and a recovery of the 150 acres of land in controversy is bottomed on the assertion that these proceedings and the orders and acts thereunder are void.

The cause was tried to a jury, and, when the taking of evidence was concluded, the plaintiffs and defendants made written motions for a peremptory charge. The trial court denied the request of plaintiffs and granted that of defendants. Judgment for defendants followed.

The motion for a new trial being overruled, an appeal was taken by plaintiffs.

It will be conceded that plaintiffs have no semblance of a right to recover unless they can avoid the above mentioned proceedings, orders, judgments and acts.

All of the allegations made by the plaintiffs touch upon certain irregularities which they contend render these proceedings and

385

orders and acts and judgments absolutely void.

■ It will not be contended that the county court of Montague County did not have exclusive original jurisdiction over the estate of Walker, deceased. Zamora v. Gonzalez, Tex.Civ.App., 128 S.W.2d 166 (writ refused); Wootters v. Wynne, Tex.Civ.App., 7 S.W.2d 940.

■ The suit before us is one in which an attempt is made to collaterally attack the proceedings had in the probate court. This cannot be done, in the district court, in an original proceeding such as confronts us. Lipscomb v. Lofland, Tex.Civ.App., 141 S.W.2d 983; Stewart v. Poinboeuf, 111 Tex. 299, 233 S.W. 1095. See also Crawford v. McDonald, 88 Tex. 626, 33 S.W. 325.

For cases that sustain the trial court's action, see also Pure Oil Company v. Reece, 124 Tex. 476, 78 S.W.2d 932 (holding that even when the suit is brought in the probate court and the sureties on the bond are not made parties defendant, the case will be considered a collateral attack).

In the instant suit Crain, the administrator, was, by the plaintiffs' express request, dismissed from the suit, and the sureties on his administrator's bond were never made parties defendant. Volume 25 Texas Juris. 853–857. And as to want of proper notice given in the probate court proceedings, see George v. Watson, 19 Tex. 354, 369; Heath v. Layne, 62 Tex. 686; Lyne v. Sanford, 82 Tex. 58, 19 S.W. 847; Kendrick v. Wheeler, 85 Tex. 247, 20 S.W. 44; Dainwood v. Driscoll, Tex.Civ.App., 151 S.W. 621, writ refused; Hirshfield v. Brown, Tex.Civ.App., 30 S.W. 962, writ refused; McGrady v. Clary, Tex.Civ.App., 247 S.W. 1099, writ dismissed.

Many more cases sustaining the trial court could be cited, but we rest our decision upon those listed supra.

Finding no error, all assignments of error are overruled, and the judgment is affirmed.

On Motion for Rehearing.

PER CURIAM.

First, we wish to state that neither the brief nor the contentions of appellants have been lightly regarded, nor have we simply brushed them aside.

This cause received the careful consideration of the court on the merits of appellants' contentions and has received such consideration by the court in consultation on the motion for a rehearing.

We held in our original opinion that the appellants' suit constitutes a collateral attack upon the proceedings in the Probate Court.

We were of opinion that we ruled correctly then and we see no reason to recede from such position, after considering appellants' motion for a rehearing.

But, were we to concede for argument's sake that appellants have instituted a direct attack and one that could be lawfully maintained in the district court, there is still no merit in the contention that the proceedings in the Probate Court are void.

The allegations in appellants' petition disclose that they are attacking all of the proceedings had in the Probate Court because of alleged irregularities. The fact that they allege that these proceedings are therefore void does not make them void, nor do they show them to be void.

We find nothing in the record that discloses to us that these proceedings leading up to the actual sale by the administrator are void, and we find that appellants are particularly bottoming their right to the lands sold on the theory that the order confirming the sale is void.

With this before us, it is well to examine such authority as Texas Jurisprudence. Vol. 14, para. 464, pp. 243, 244, discusses the necessity for confirmation, but para. 467, pp. 248, 249, discusses the sufficiency of such order of confirmation, and para. 471 discusses the necessity for a description of the property to be sold.

It appears to the court that the text cited and the authorities collated in support thereof answer the contentions made by appellants.

We call attention to the exhaustive opinion by the Amarillo Court of Civil Appeals in the case of McGrady et al. v. Clary, Tex.Civ.App., 247 S.W. 1099, in which the application for a writ of error was dismissed.

The motion for a rehearing is overruled.