**Katie LOUDD, Appellant,**

v.

**Jo Anne DAVIS, Appellee.**

**No. C14–82–198CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

May 5, 1983.

Kenneth D. Baugh, Davis, Mayfield & Baugh, Houston, for appellant.

Robert Todd, Houston, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

JUNELL, Justice.

This is an appeal from an order appointing appellee Jo Ann Davis Stanley guardian of the person of Joe Davis, incompetent. Appellee filed an application asking the probate court to appoint her guardian of the person of her father, Joe Davis. Mrs. Stanley, a resident of Oakland, California, alleged that her father was mentally and physically unable to care for himself, and was being detained against his will in Houston. Appellant Katie Loudd (appellee's sister) also filed an application asking to be appointed guardian of Mr. Davis. After a bench trial the court entered an order appointing appellee guardian of Mr. Davis. In two points of error appellant contends (1) the court lacked jurisdiction to appoint a guardian and (2) the court erred in not allowing her to make a bill of exceptions. We affirm.

Initially, we will consider the matter of jurisdiction. Appellant urges that since Mr. Davis was domiciled in California, the court had no authority to appoint a guardian. At the guardianship hearing Mrs. Stanley testified she resided in California and that Mr. Davis had been living in California with his wife. Mr. Davis was a stroke and heart attack victim who was unable to care for himself. Appellant testified that her father had been living with her in Houston since June 18, 1981.

Tex.Prob.Code Ann. § 7(b) (Vernon 1980) provides, "a proceeding for the appointment of a guardian shall be begun... [f]or the person and estate, or either, of an incompetent, in the county where such person resides, or where his principal estate is located." Apparently, appellant's contention is that the only evidence of "residence" established at trial showed her father to be a legal resident of California, thus the court lacked authority to appoint appellee guardian.

We do not agree that "venue" as used in § 7 delineates a limitation on the subject matter jurisdiction of the probate court to appoint a guardian of the person of an incompetent. The probate courts are vested, by virtue of the laws of this state, with potential jurisdiction to appoint guardians of persons *non compos mentis.* Tex. Const. art. 5, § 16; Tex.Rev.Civ.Stat.Ann. art. 1970–110a, §§ 2–3 (Vernon Supp. 1982–1983). The probate code prescribes the county in which the proceedings for appointment of a guardian shall be brought. *Owens v. Stovall,* 64 S.W.2d 360 (Tex.Civ. App.—Waco 1933, writ ref'd). Section 7 is a venue provision; the jurisdiction of the court is invoked by filing an application which alleges the incompetent to be a resident of the county of suit. *Wootters v. Wynne,* 7 S.W.2d 940 (Tex.Civ.App.—Galveston 1928, no writ). Here, appellee's application for appointment of a guardian alleged that Joe Davis was a resident of Harris County. There was testimony showing that Mr. Davis had been living in Houston with appellant since June of 1981. We find the evidence sufficient to prove that Mr. Davis "resided" in Harris County within the meaning of the venue statute.

Tex.Prob.Code Ann. § 114 (Vernon 1980) provides in pertinent part:

Before appointing a guardian, the court must find:

(a) That the person for whom a guardian is to be appointed is either a minor, a person of unsound mind, an habitual drunkard, or a person for whom it is

necessary to have a guardian appointed to receive funds due such person from any governmental source.

(b) That the court has venue of the case.

(c) That the person to be appointed guardian is not disqualified to act as such and is entitled to be appointed; or, in case no person who is entitled to appointment applies for it, that the person appointed is a proper person to act as such guardian.

(d) That the rights of persons or property will be protected by the appointment of a guardian.

■ Since the case is before us without findings of fact and conclusions of law, we must assume that the trial court made all necessary findings, including the issue of venue, to support the judgment. *Burnett v. Motyka,* 610 S.W.2d 735 (Tex.1980). Point of error one is overruled.

■ Appellant also maintains she was not permitted to make a bill of exceptions to prove that Joe Davis was a resident of Houston. We find no merit in this contention in that we have found the evidence sufficient to support an implied finding that the incompetent was a resident of Harris County. Both appellant and appellee introduced testimony that Joe Davis had been living in Houston since June of 1981. Any further evidence of Mr. Davis' residence would have been wholly immaterial to the result and entirely cumulative of evidence already adduced. Point of error two is overruled.

The judgment is affirmed.